Siegfried WAGIU; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–76518.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Allen W. Hausman, Attorney Fax, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Siegfried Wagiu and his two children, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The BIA denied Wagiu's asylum application as time barred. Wagiu does not challenge this finding.

Substantial evidence supports the BIA's denial of withholding of removal because Wagiu's experiences in Indonesia did not constitute past persecution. *See id.* at 1016–18. Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir. 2004) applies to Christian Indonesians seeking withholding of removal, Wagiu

failed to establish that it was more likely than not that he will be persecuted on account of his religion if he returned to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). Substantial evidence also supports the BIA's denial of withholding of removal because Wagiu could relocate to another part of the country. *See* 8 C.F.R. § 1208.16(b)(3).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.